UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JOHN ROBERT CATOE                                                                    PLAINTIFF

v.                                            CIVIL ACTION NO. 3:14CV-P494-R

HARDIN CNTY. DET. CTR. *et al*.                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff John Robert Catoe, a prisoner proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for initial review pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the Court will allow the Eighth Amendment delay-in-medical-treatment claim to proceed against Defendant Abrey in her individual capacity. All other claims and Defendants will be dismissed.

**I.   STATEMENT OF THE CASE**

Plaintiff brings this action against the following five Defendants: (1) Hardin County Detention Center (HCDC); (2) Southern Health Partners (SHP), a "Health Contractor" with HCDC; (3) Christy Abrey, Head Nurse at SHP/HCDC; (4) Lieutenant Robert Reynolds, a "Shift Lieutenant" at HCDC; and (5) Danny Allen, the Jailer at HCDC. Plaintiff indicates that he is suing all of the Defendants in their official capacity and Defendants Abrey and Allen in their individual capacities also. As relief, Plaintiff seeks punitive damages.

In his complaint Plaintiff states that Defendants, with the exception of Defendant Allen, "violated [his] rights through cruel and unusual punishment, by not treating a yeast infection on [his] penis from 21 May 2014 to 03 June 2014. WHICH consequently, led to the spread of the infection over [his] entire genitalia and anus." Plaintiff states that Defendant Abrey "knew of

[his] condition from a recent visit to jail and for 13 days did nothing to treat [his] yeast infection." According to Plaintiff, Defendant Reynolds "also knew and stood by and did nothing." Plaintiff states that on May 22, 2014, he sent a "Request for NYSTOP ANTI-FUNGAL POWDER and Tolnaftote Antifugal Cream to medical with no reply." He states that on the following day, he sent a request to medical for the same powder and a Diflucan pill. According to Plaintiff, he received a response to the second request, "but no treatment." Plaintiff states that he was "finally seen on 03June 2014 by Nurse Fernando." This nurse, Plaintiff represents, examined his penis only, gave him an antifungal cream, and ordered the NYStop Antifungal powder, which Plaintiff received the next day.

Further, Plaintiff includes an apology to the Court in his complaint. He states that he is apologizing because the HCDC "has not been forthwith with the names and addresses of the above [names of Plaintiff's potential witnesses]; Nor was [he] given enough form B's; when asked for more copies [he] was refused." According to Plaintiff, HCDC and SHP "in no way have made this easy. They have both hindered my every request from Captain Highnote down."

## II. **STANDARD OF REVIEW**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. LEGAL ANALYSIS

*A. Official-Capacity Claims*

*1. Claims Against HCDC and Defendants Abrey, Reynolds, and Allen*

Defendant HCDC is not an entity subject to suit; the § 1983 claim against it must be brought against Hardin County as the real party in interest. *See Matthews v. Jones*, 35 F.3d 1046,

1049 (6th Cir. 1994) (advising that since the county police department is not an entity which may be sued, the county is the proper party); *Bradford v. Hammond*, No. Civ.A.3:05CVP459-H, 2005 WL 2739154, at *2 (W.D. Ky. Oct. 21, 2005) (construing a claim against Louisville Metro Corrections as one brought against Louisville/Jefferson County Metro Government); *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (concluding that a suit against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive is actually a suit against Jefferson County itself). Likewise, the official-capacity claims against Defendants Abrey,[1] Reynolds, and Allen are claims against Hardin County. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 690 n.55 (1978)). Suing Defendants in their official capacity is the equivalent of suing their employer, Hardin County. *See Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992).

Regarding the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation, "a municipality cannot be held liable *solely* because it employs a

---

[1] The official-capacity claim against Defendant Abrey in her capacity as an employee of SHP will be discussed in a later section.

4

tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. at 691; *accord Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. at 694; *see Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993) ("Congress did not intend § 1983 liability to attach where causation is absent."). Simply stated, "a plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff has not alleged that a municipal policy or custom caused his alleged harm. Plaintiff's complaint appears to contain allegations of an isolated occurrence affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county

is not responsible."). As nothing in the complaint demonstrates any purported wrongdoing occurred as a result of a policy or custom implemented or endorsed by Hardin County, the complaint fails to establish a basis of liability against the municipality, and it fails to state a cognizable § 1983 official-capacity claim.

Accordingly, HCDC and Defendant Reynolds will be dismissed from this action since the only claims against them fail to state a claim upon which relief may be granted. Further, the official-capacity claim against Defendants Abrey and Allen brought in their capacity as employees of HCDC will be dismissed from this action for failure to state a claim upon which relief may be granted.

### 2. *Claims Against SHP and Defendant Abrey*

Plaintiff sues SHP and Defendant Abrey in her official capacity as an employee of SHP, which is actually a claim against SHP, her employer. The municipal-liability law discussed above applies to § 1983 claims against a private corporation like SHP. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.") (quoting *Harvey v. Harvey*, 949 F.3d 1127, 1129-30 (11th Cir. 1992)). Liability must be based on a policy or custom of the contracted private entity or "the inadequacy of [an employee's] training." *Id.*; *see Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("CMS's [Correctional Medical Systems, Inc.] liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights."). Plaintiff has not alleged that SHP's medical staff acted pursuant to a policy or custom in causing any alleged harm. Nothing in the complaint demonstrates that the action or inaction of any medical personnel occurred as a result of a policy or

custom implemented or endorsed by SHP. The complaint, therefore, fails to establish a basis of liability against SHP.

Accordingly, SHP and the official-capacity claim against Defendant Abrey in her capacity as an employee of SHP will be dismissed for failure to state a claim.

## B. Individual-Capacity Claims

### 1. Claim Against Defendant Allen

Plaintiff appears to seek to hold Defendant Allen liable based on his position as Jailer of the HCDC. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. at 691; *Colvin v. Caruso*, 605 F.3d 282, 292 (6th Cir. 2010); *Cardinal v. Metrish*, 564 F.3d 794, 802-03 (6th Cir. 2009); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Additionally, "simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. at 676; *see Shehee v. Luttrell*, 199 F.3d at 300 (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). To state a claim for relief, Plaintiff must show how each Defendant is accountable because that Defendant was personally

involved in the acts about which Plaintiff complains.  *Rizzo v. Goode*, 423 U.S. 362, 375-77 (1976); *see Colvin v. Caruso*, 605 F.3d at 292 (stating "officials are liable for damages under [§ 1983] 'only for their own unconstitutional behavior'") (quoting *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989)).

Here, Plaintiff fails to plead any wrongdoing committed by Defendant Allen.  Nothing in the complaint sets forth any personal involvement by this Defendant in the alleged unconstitutional delay in Plaintiff's medical treatment.  Plaintiff, therefore, has failed to state a claim upon which relief may be granted against Defendant Allen.

Accordingly the individual-capacity claim against Defendant Allen will be dismissed from this action.  Further, since there are no remaining claims against him, he will be dismissed as a Defendant from this action.

### 2. *Claim Against Defendant Abrey*

Plaintiff contends that Defendant Abrey "violated [his] rights through cruel and unusual punishment by not treating a yeast infection on [his] penis from 21 May 2014 to 03 June 2014." This delay in treatment, according to Plaintiff "led to the spread of the infection over [his] entire genitalia and anus."  Defendant Abrey, Plaintiff contends, violated his rights because she "knew of [his] condition from a recent visit to jail and for 13 days did nothing to treat [his] yeast infection."

Upon consideration, the Court will allow the Eighth Amendment delay-in-medical-treatment claim to proceed against Defendant Abrey.


## IV. ORDER

For the reasons set forth more fully above, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the **Eighth Amendment delay-in-medical-treatment claim against Defendant Abrey in her individual-capacity** shall proceed beyond initial review under § 1915A.

**IT IS FURTHER ORDERED that the following claims are DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted: (1) the official-capacity claims against Defendants HCDC, SHP, Abrey, Reynolds, and Allen; and (2) the individual-capacity claim against Defendant Allen.

**IT IS FURTHER ORDERED** that **Defendants HCDC, SHP, Reynolds, and Allen** are **DISMSSED** from this action since there are no claims remaining against them. The **Clerk of Court** is **DIRECTED** to **remove Defendants HCDC, SHP, Reynolds, and Allen from the docket of this action**.

The Court will enter a separate Scheduling Order governing the development of the continuing claim. In permitting this claim to continue, the Court passes no judgment on the merits and ultimate outcome of the action.

Date:

cc: Plaintiff, *pro se*
    Defendants
    Hardin County Attorney
4413.003