UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JOHN ROBERT CATOE                                                                                    PLAINTIFF

v.                                                                            CIVIL ACTION NO. 3:14CV-P494-DJH

HARDIN CNTY. DET. CTR. *et al.*                                                                   DEFENDANTS

### MEMORANDUM OPINION

On July 10, 2014, Plaintiff John Robert Catoe, a prisoner proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 and an application to proceed without prepayment of fees (DNs 1 & 3). At that time, Plaintiff was incarcerated at the Hardin County Detention Center (HCDC).

The Court entered an Order granting Plaintiff's application to proceed without prepayment of fees and mailed it to Plaintiff at his HCDC address. This Order was returned to the Court marked "Return To Sender, No Longer at this address, Hardin Co. Detention Center" (DN 8). Around this same time, the Jailer at HCDC wrote to the Court and provided a new address for Plaintiff at the Roederer Correctional Complex (RCC) (DN 6). The Order granting Plaintiff's application to proceed without prepayment of fees and an Order directing RCC to now collect the filing fee for this action were sent to Plaintiff at his RCC address. These Orders were not returned to the Court.

The Court performed initial review of the complaint, and a Memorandum Opinion embodying this review was entered on December 9, 2014 (DN 9). This same date, the Court entered a Scheduling Order in this case (DN 10). The Memorandum Opinion and separate Scheduling Order were sent to Plaintiff at his RCC address. These two documents were returned

to the Court marked "Undeliverable As Addressed," "Return To Sender," and "Unable To Forward" (DN 13).

On December 11, 2014, the Court entered an Order reassigning this case to the undersigned. This Order was mailed to Plaintiff at his RCC address. This Order was also returned to the Court with the notations, "Not Here," "Return To Sender," "No Mail Receptacle," and "Unable To Forward" (DN 16).

A review of the docket reveals that Plaintiff has taken no action in this case since July 10, 2014, when he filed the documents which initiated this action.

Upon filing the instant action, Plaintiff assumed the responsibility to keep this Court advised of his current address and to actively litigate his claims. *See* Local Rule 5.2(d) ("All pro se litigants must provide written notice of a change of address to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."). Because Plaintiff has not provided any notice of an address change to the Court, neither orders or notices from this Court nor filings by Defendants can be served on him.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a Plaintiff fails to prosecute or to comply with an order of the court. *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "As this court has noted, the lenient treatment generally accorded to pro se

litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d at 110). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Because Plaintiff has failed to comply with LR 5.2(d) and has failed to take any action in this case subsequent to filing the documents initiating this action, the Court concludes that Plaintiff has abandoned any interest in prosecuting this action. The Court will dismiss the action by separate Order.

Date: February 2, 2015

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
      Counsel for Defendant Abrey
4415.003